Benjamin K. Carmichael #27197
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS  67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
ben@depewgillen.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| CHARLENE D. GALLOWAY | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO.: |
| | ) |
| DOLLAR TREE STORES, INC, | ) |
| | ) |
| DEFENDANT. | ) |
| _____ | ) |

**COMPLAINT**

COMES NOW the plaintiff, Charlene D. Galloway, and for her causes of action against the defendant, alleges and states as follows:

**NATURE OF THE ACTION**

1. This is an employment discrimination case.  Plaintiff alleges unlawful discrimination on the basis of race and retaliation under the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); and, disability discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 et seq. ("ADA").  Plaintiff has also not been paid for portions of time she worked for defendant resulting in her working for less than the minimum wage in violation of the Fair Labor Standards Act of 1938 ("FLSA") and violating the Kansas Wage Payment Act, K.S.A. § 44-313 et seq. ("KWPA").

## JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C.A. §§ 1343(a)(3), 1343(a)(4), 1331, Section 16(b) of the FLSA, and supplemental subject matter jurisdiction under 28 U.S.C.A. § 1367.

## VENUE

3. Venue is proper in this district because the defendant is located in this district, plaintiff is a resident of this district, and the acts complained of arose within this judicial district. 28 U.S.C.A § 1391; 42 U.S.C. § 2000e-5(f)(3).

## PROCEDURAL REQUIREMENTS

4. On September 9, 2019, plaintiff filed a timely Charge of Discrimination against Dollar Tree Stores, Inc. ("Dollar Tree") with the Kansas Human Rights Commission. Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on March 11, 2020.

5. All conditions precedent to the filing of this suit have been performed or have occurred.

## PARTIES

6. Plaintiff is a resident of Coffeyville, Montgomery County, Kansas.

7. Plaintiff is an African American female who worked for Dollar Tree as a head cashier. Plaintiff was employed by Defendant starting in May 2018 until her employment was terminated by defendant in October 2019.

8. Defendant Dollar Tree, Inc. operates a store located in Coffeyville, Kansas. Dollar Tree may be served with process via its resident agent, The Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.

9. Defendant is a person within the meaning of 42 U.S.C.A. § 2000e(a), and an employer within the meaning of 42 U.S.C.A. § 2000e(b).

10. At all times relevant herein Defendant Dollar Tree was Plaintiff's employer covered by the FLSA.

## FACTUAL HISTORY

11. Plaintiff began working for Dollar Tree in May 2018. Plaintiff was the head cashier at the Coffeyville location. Plaintiff indicated when she was hired that she was disabled and there were things she could not do.

12. Starting in early 2019, Plaintiff was subjected to verbal harassment including derogatory racial slurs and jokes for close to eight months. Plaintiff's assistant manager Jonathan LNU targeted Plaintiff for ridicule and micromanagement on the basis of race or disability. Plaintiff's assistant manager's comments to her included being told that all black and Mexican people needed to die.

13. Plaintiff was targeted by her assistant manager for write ups based on her race or disability. Plaintiff's assistant manager wrote Plaintiff up 9 times for various fabricated reasons. These write ups were baseless and an attempt by Plaintiff's assistant manager to single her out for termination. The reasons for the write ups did not justify discipline and were pretextual. For example, Plaintiff's assistant manager wrote her up for refusing to leave her shift early. Plaintiff was also written up for calling the store and asking when the bread truck was going to make its delivery. These write ups were ultimately destroyed by Defendant.

14. Plaintiff asked for and received a reasonable accommodation for her disability. Plaintiff is unable to stand for long periods of time and requested a chair to sit in while she worked as a cashier. Defendant provided Plaintiff with a chair to utilize. Plaintiff's

assistant manager would hide the chair from Plaintiff so that she could not utilize it. Plaintiff was also provided a fan by Defendant. Plaintiff's assistant manager would hide the fan as well.

15. During the time frame that Plaintiff was being harassed at work she noticed that her pay was not matching up to the amount of time she worked. Plaintiff made several complaints to her manager Tim Tosh that her pay was not adding up correctly. Dollar Tree did not take Plaintiff's complaints seriously. Dollar Tree finally investigated in July 2019 and found that Plaintiff's assistant manager was accessing her time sheets and erasing time that she worked. The assistant manager continued to work for Dollar Tree until October, 2019, when he was terminated for his actions against Plaintiff.

16. Plaintiff's race or disability were a motivating factor or determining factor in the harassment Plaintiff suffered.

17. Plaintiff complained to Defendant about the harassment and ridicule she experienced by her assistant manager. Management-level employees knew, or should have known, of the racial and disability discrimination described herein, but failed to take appropriate remedial action.

18. Defendant was negligent in allowing a hostile work environment to continue when it had timely notice of the issue from Plaintiff's reports to Tim Tosh. Defendant did not take prompt remedial measure to end the harassment and inappropriate comments being made to, and retaliation against Plaintiff. Plaintiff's assistant manager made it clear he did not want to work with her and when she complained, Plaintiff was told she would be scheduled on times when the manager was present.

19. Plaintiff filed a complaint with the Kansas Human Rights Commission on September 5, 2019. Plaintiff was terminated from her employment with Dollar Tree in

October, 2019.  Plaintiff's employment was terminated a week after the assistant manager was fired.  Plaintiff was terminated in retaliation for filing a complaint against Defendant.

20. Defendant terminated Plaintiff for theft.  Although Defendant's alleged reason for termination is for cause, its proffered reason for termination is false and pretextual.  The stated reason for termination is factually baseless, and insufficient to justify a discharge, or any of the adverse employment action suffered by Plaintiff.  Defendant conducted a "bag check" of Plaintiff and found a candy bar it claimed was not paid for.  The candy bar was in fact paid for.  Plaintiff was suspended from employment at Dollar Tree and subsequently terminated.

21. Plaintiff never received an employee handbook from Defendant setting out her relationship or the terms of employment with defendant.  To Plaintiff's knowledge, random bag checks were not a company policy and the only time she saw it occur was when she was terminated.  Defendant's actions discriminated against Plaintiff and retaliated against her for lodging a complaint regarding the discrimination.

22. On information and belief, Plaintiff was targeted for a random bag check and subsequently terminated on the basis of race or disability, or because she complained of Defendant's discriminatory actions and failure to pay her the correct wages.

23. The above-described employees of Defendant were agents, servants, or co-employees of Plaintiff and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant.

5

**Count 1**

**Section 1981 Discrimination and Retaliation**

24. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

25. Defendant has violated Section 1981 by subjecting Plaintiff to intentional discrimination on the basis of race and retaliation for her protected complaints and opposition to Defendant's discriminatory actions on the basis of race and ethnicity by termination of Plaintiff's employment.

26. Defendant's unlawful actions have caused Plaintiff to suffer and continue to suffer lost wages, emotional distress, and benefits for which she is entitled to an award of compensatory damages and other relief.

27. Defendant's unlawful discriminatory and retaliatory conduct constitutes a willful and wanton violation of Section 1981, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant in the amount of all unpaid wages and emotional distress, punitive damages, for prejudgment interest on all such amounts, reasonable attorney fees, costs, and for such other and further relief as the Court deems just and proper.

**Count 2**

**Title VII Race Discrimination**

28. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

29. During the course of Plaintiff's employment, she was subjected to a pattern and practice of intentional discrimination on the basis of race, in violation of 42 U.S.C. § 2000e-2(a) and § 2000e-3(a).

30. Plaintiff was treated differently and unfairly because of her race. Plaintiff is African American.

31. Plaintiff was subjected to severe or pervasive harassment based on her race. The Defendant's actions unreasonably interfered with Plaintiff's employment and job performance or otherwise created a hostile, intimidated, or abusing working environment. The conduct alleged herein adversely affected the terms, conditions, or privileges of Plaintiff's employment.

32. Defendant's unlawful actions have caused Plaintiff to suffer and continue to suffer lost wages, emotional distress, and benefits for which she is entitled to an award of compensatory damages and other relief.

33. Defendant's unlawful discriminatory conduct constitutes a willful and wanton violation of Title VII, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant in the amount of all unpaid wages and emotional distress, punitive damages, for prejudgment interest on all such amounts, reasonable attorney fees, costs, and for such other and further relief as the Court deems just and proper.

## Count 3

## Title VII Retaliation

34. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

35. Plaintiff formally complained to her manager Tim Tosh regarding what she reasonably and in good faith believed constituted unfair and discriminatory treatment. Plaintiff ultimately would file a charge of discrimination with the Kansas Human Rights Commission on September 9, 2019.

36. Defendant terminated Plaintiff's employment in retaliation for objecting to Defendant's conduct which she reasonably and in good faith believed constituted unlawful employment practices in violation of, among other things, Title VII, Section 1981, and the FLSA.

37. Plaintiff has been damaged as a result of the retaliation and suffered lost wages.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant in the amount of all unpaid wages and emotional distress, punitive damages, for prejudgment interest on all such amounts, reasonable attorney fees, costs, and for such other and further relief as the Court deems just and proper.

**Count 4**

**Americans with Disabilities Act—Disparate treatment**

38. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

39. Defendant has discriminated against Plaintiff, a disabled person, on account of and/or by reason of her disability, chronic fatigue syndrome, chronic pain syndrome, and osteoarthritis, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

(a) Plaintiff was disabled under the statute;

8

(b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant; and

(c) Plaintiff suffered an adverse employment action because of her disability when defendant treated nondisabled individuals more preferentially.

40. Defendant's unlawful actions have caused Plaintiff to suffer and continue to suffer lost wages, emotional distress, and benefits for which she is entitled to an award of compensatory damages and other relief.

41. Defendant's actions in harassing Plaintiff and ultimately terminating her employment were undertaken with malice and reckless indifference to her rights under the ADA.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant in the amount of all unpaid wages and emotional distress, punitive damages, for prejudgment interest on all such amounts, reasonable attorney fees, costs, and for such other and further relief as the Court deems just and proper.

## Count 5

## Americans with Disabilities Act—Retaliation

42. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

43. Defendant has retaliated against Plaintiff, a disabled person, on account of and/or by reason of her disability, chronic fatigue syndrome, chronic pain syndrome, and osteoarthritis, in violation of 42 U.S.C.A. §§ 1201 et seq., because during all relevant times:

(a) Plaintiff was disabled under the statute;

9

(b) Plaintiff engaged in activity protected by the statute, specifically, Plaintiff sought reasonable accommodations for her disability and produced medical records to support her need for reasonable accommodations; and

(c) Plaintiff suffered an adverse employment action because of her attempt to secure her reasonable accommodations.

44. Defendant's unlawful actions have caused Plaintiff to suffer and continue to suffer lost wages, emotional distress, and benefits for which she is entitled to an award of compensatory damages and other relief.

45. Defendant's actions in harassing Plaintiff and ultimately terminating her employment were undertaken with malice and reckless indifference to her rights under the ADA.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant in the amount of all unpaid wages and emotional distress, punitive damages, for prejudgment interest on all such amounts, reasonable attorney fees, costs, and for such other and further relief as the Court deems just and proper.

## Count 6

**Failure to Pay Minimum Wage in Violation of the FLSA**

46. Plaintiff repeats each of the above paragraphs as if each has been separately alleged here.

47. The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., applied to Plaintiff's employment with Defendant at all times relevant herein.

48. Section 206 of the FLSA, 29 U.S.C. 206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Section 218 of the

FLSA, 29 U.S.C. 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum. During the relevant time period the federal minimum wage was $7.25.

49. Plaintiff engaged in commerce in her position as head cashier by processing transactions involving interstate commerce. Plaintiff was paid $7.75 per hour by Defendant. Plaintiff's assistant manager would access her time records and delete time she worked resulting in her wages dropping below minimum wage. Plaintiff believes her assistant manager's actions were motivated by her race or disability.

50. Defendant was at all times required to preserve certain records relating to Plaintiff's employment with Defendant for a period of three years including her time sheets and hours worked each day. 29 C.F.R. 516.2; 29 C.F.R. 516.5.

51. Defendant willfully failed to pay Plaintiff the minimum wage for all her hours worked in violation of the FLSA.

52. Because of Defendant's unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to 216(b) of the FLSA to recover her unpaid minimum wages, including liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

WHEREFORE Plaintiff requests the Court enter judgment in her favor and against Defendant declaring Defendant's actions in violation of the FLSA, awarding unpaid minimum wages and other compensation, liquidated damages in an amount equal to the unpaid minimum wages, reasonable attorney's fees pursuant to 29 U.S.C. 216(b), and for such other and further relief as the Court deems just and proper.

## Count 7

### Unlawful Retaliation in Violation of the FLSA

53. Plaintiff repeats each of the above paragraphs as if each had been separately alleged here.

54. Section 215(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), prohibits retaliation against an employee because she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

55. Plaintiff realized she was not being paid for time worked and raised the concern with the manager Tim Tosh.

56. Plaintiff's assistant manager Jonathan LNU would access her time records and delete time she worked resulting in her wages dropping below minimum wage.

57. Plaintiff's complaint to Tim Tosh constituted "a complaint" and was protected activity under the FLSA.

58. Defendant's termination of Plaintiff constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of workplace rights protected under the FLSA.

59. As a direct, foreseeable, and proximate result of Defendant's actions, Plaintiff has suffered lost wages, job benefits, and suffered emotional distress.

WHEREFORE Plaintiff requests the Court enter judgment in her favor and against Defendant declaring Defendant's actions in violation of the right to be free from retaliation under the FLSA, awarding unpaid minimum wages and other compensation, liquidated damages in an amount equal to the unpaid minimum wages, reasonable attorney's fees pursuant to 29 U.S.C. 216(b), and for such other and further relief as the Court deems just and proper.

## Count 8

## Kansas Wage Payment Act

60. Plaintiff repeats each of the above paragraphs as if each had been separately alleged here.

61. Plaintiff earned wages from Defendant through work. Following Plaintiff's termination, Defendant failed to pay her the "wages" she earned in violation of the Kansas Wage Payment Act.

WHEREFORE Plaintiff requests the Court enter judgment in her favor and against Defendant in the amount of all unpaid wages, for a penalty in the amount of 1% per day, calculated per the Kansas Wage Payment Act, or 100% of the unpaid wages, whichever is less, for prejudgment interest on all such amounts, and for such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> DEPEW GILLEN RATHBUN & MCINTEER, LC
>
> /s/ Benjamin K. Carmichael
> Benjamin K. Carmichael #27197
> 8301 East 21st St. North, Suite 450
> Wichita, KS 67206-2936
> Office  (316) 262-4000
> Fax     (316) 265-3819
> Email: Ben@depewgillen.com
> *Attorneys for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the Plaintiff and designates Wichita, Kansas, as the place of the trial of this action.

        Respectfully submitted,

        DEPEW GILLEN RATHBUN & MCINTEER LC

        /s/Benjamin K. Carmichael
        Benjamin K. Carmichael #27197
        *Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff and respectfully requests a trial by jury with regard to the above-captioned action.

        Respectfully submitted,

        DEPEW GILLEN RATHBUN & MCINTEER, LC

        /s/Benjamin K. Carmichael
        Benjamin K. Carmichael #27197
        *Attorneys for Plaintiff*